CHARLES CLIFFORD v. FRANK G. MINOR and Another.[1]

April 21, 1897.

Nos. 10,363—(29).

Mortgage—Assumption—Pleading.

Plaintiff is the assignee of notes and a mortgage made to "John L. Merriam." The mortgaged premises were conveyed to defendant Ryan, who, in the deed to her, assumed and agreed to pay a mortgage thereon, given by the same mortgagor to "John L. Merriam and wife," securing a like sum. The complaint alleges these facts, and further alleges that the words "and wife," above quoted, "are surplusage, and were inserted in the deed by mistake." Held, in the absence of allegations showing that no mortgage had existed to which these words could apply, the statement that they are surplusage, and were inserted by mistake, is a mere conclusion of law, and the complaint does not show that defendant assumed plaintiff's mortgage.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., sustaining a demurrer to the complaint. Affirmed.

R. A. Walsh, for appellant.

Stevens, O'Brien, Cole & Albrecht, for respondent.

CANTY, J. The defendant Ryan demurred to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from an order sustaining the demurrer plaintiff appeals.

John L. Merriam was the owner of a certain city lot, and he and his wife conveyed it by deed to Hannah Cameron, who, in consideration thereof, made to John L. Merriam her two promissory notes for $300 each, and secured the same by a mortgage on the lot. Merriam as-

[1] Reported in 70 N. W. 798.

signed the mortgage and indorsed the notes to this plaintiff. Cameron, after the conveyance to her, conveyed the lot to one Minor, who in the deed to him assumed and agreed to pay the mortgage. He subsequently conveyed to one Middleton, who conveyed to the defendant Ryan. The deed to Ryan contains the following provision:

"Subject to a certain mortgage given by Hannah Cameron to John L. Merriam and wife for the sum of six hundred ($600) dollars, securing two promissory notes of three hundred ($300) dollars each, due on or before one and two years, with interest at the rate of eight (8) per cent. per annum, payable semi-annually, which the second party [defendant Ryan] hereby assumes and agrees to pay according to the tenor of the notes secured by said mortgage."

A covenant in substantially the same form is found in the deed to Middleton. The amended complaint alleges all of the foregoing facts, and, as to the covenant above quoted in the deed to Mrs. Ryan, it further alleges:

"That the words 'and wife,' where they occur in said covenant, after the words 'John L. Merriam,' are surplusage, and were inserted therein by the inadvertence and mistake of the scrivener and party who drew and prepared said deeds, and the mutual error of both parties to the deed."

On these allegations plaintiff prays judgment against Mrs. Ryan for the amount due on his notes and mortgage.

There is nothing to show that the mortgage made to Merriam and assigned to plaintiff is the mortgage which Mrs. Ryan assumed in the deed to her. For all that appears from the complaint, Hannah Cameron may have made to Merriam and wife notes and a mortgage answering in all respects the description in the above-quoted covenant in the deed to Mrs. Ryan. The allegation of the complaint that the words "and wife," in said covenant, are surplusage, and were inserted by mistake, is not alone sufficient to show the contrary, and is a mere conclusion of law. We do not deem it necessary that the deed to Mrs. Ryan be reformed in equity. Plaintiff might simply have pleaded the legal effect of the deed,—that in and by the deed Mrs. Ryan assumed and agreed to pay plaintiff's said mortgage (if such is its legal effect). But, having set out the words of the deed, which on their face do not appear to apply to plaintiff's mortgage, it was incumbent on plaintiff to allege additional facts (not conclusions of law) from which it would appear that the words "and wife" in the description were redundant.

67 M.—33

This might have been done by alleging facts from which it appeared that no mortgage had existed to which these words could have applied. This was not done, and for this reason the complaint does not state that Mrs. Ryan assumed plaintiff's mortgage, and does not state a cause of action.

Order affirmed.